UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| L'TONYA BOWE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO: |
| v. | ) |
| | ) 1:08-cv-0922-SEB-TAB |
| J.C. PENNEY CORPORATION, INC. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, L'Tonya Bowe ("Bowe"), by counsel, hereby files this Complaint against J.C. Penney Corporation, Inc. ("Defendant") for declaratory and injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12182 et seq. (hereinafter "Americans with Disabilities Act" or "ADA") and for compensatory and punitive damages under Indiana State and Common Law.

## PARTIES

1. Bowe is a resident of Marion County, Indiana and is a qualified individual with a disability under the ADA as she is, among other qualifying things, mobility impaired and uses a wheelchair.

2. Defendant, J.C. Penney Corporation, Inc., is a for-profit Texas corporation that is conducting business in the State of Indiana, with locations in Indiana.

1

## JURISDICTION, VENUE AND STANDING

3. The United States District Court for the Southern District of Indiana has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this case raises questions under Title III of the ADA, 42 U.S.C. § 12182 et seq.

4. This court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, because the Defendant may be found in this district and the challenged conduct occurred in this state.

6. There is a real and immediate threat of future harm, and there is a likelihood that Ms. Bowe will return to a Defendant location, and/or seek to do business with Defendant in the future, and it is also likely that Bowe will suffer discrimination, and possible injury, at the hands of Defendant. In support thereof, Ms. Bowe alleges the following to establish standing:

    a. Ms. Bowe has a need and desires to utilize the retail services offered by Defendant;

    b. Ms. Bowe lives in close proximity to Defendant's 8752 Michigan Rd., Indianapolis, Indiana location;

## FACTS

7. Defendant is a retail store in the business of providing retail services to the general public.

8. Ms. Bowe lives in close proximity to Defendant's 8752 Michigan Rd., Indianapolis, Indiana location and has visited the retail store on many occasions.

9. In fact, Ms. Bowe has all of her grandchildren's portraits taken at Defendant's

8752 Michigan Rd., Indianapolis, Indiana location, is a J.C. Penney Portrait Club card member, and does a great deal of her clothing shopping at JC Penney's.

10. However, Ms. Bowe has encountered barriers and other impediments that have caused her difficulties in gaining access to, and full enjoyment of, the services, facilities, and/or accommodations at Defendant's 8752 Michigan Rd., Indianapolis, Indiana location.

11. By way of example, not limitation, Ms. Bowe states that on or about December 14, 2007, she went to Defendant's 8752 Michigan Rd., Indianapolis, Indiana location to do some Christmas shopping for her grandchildren.

12. However, she was unable to access merchandise in various areas throughout the store because of items and displays blocking the aisles.

13. In addition, most aisles were made too narrow for Ms. Bowe to use.

14. While in the clothing section located in the "toddler boy" department on the main floor, Ms. Bowe wheeled herself down an L-shaped aisle. Upon reaching the angle, or corner, of the L, Ms. Bowe turned left to complete the L and exit.

15. As Ms. Bowe reached the end of the L where she should have been able to exit, she discovered she was blocked by an end cap that had been placed there for the holiday season.

16. Being unable to turn around at either the end of the L or the angle, due to the narrow space, Ms. Bowe was forced to back herself up and choose the larger of two other aisles which branched off from the L.

17. While attempting to exit through the widest aisle available, a 4-post clothing rack fell on Ms. Bowe, injuring her.

18. Ms. Bowe has the present intent to utilize Defendant's retail services in the future but desires to have the retail store be brought into compliance with the ADA as soon as possible

3

so that all existing barriers to access are removed and any discriminatory practices or policies are appropriately eliminated or modified.

## COUNT I – ADA

19. Ms. Bowe hereby incorporates by reference paragraphs 1-18 of this Complaint.

20. 42 U.S.C. §12182(a) of the ADA provides that:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

21. Defendant owns, operates, leases and/or leases to places of public accommodation.

22. 42 U.S.C. §12183(a) of the ADA requires that new construction be readily accessible and usable by persons with disabilities.

23. On information and belief, Defendant's 8752 Michigan Rd., Indianapolis, Indiana location was designed and constructed for first occupancy after January 26, 1993, but is not readily accessible to and usable by persons with disabilities.

24. Through the actions and barriers described herein, and other barriers at its stores, Defendant has denied Ms. Bowe the full and equal enjoyment of its goods, services, facilities, privileges, advantages and/or accommodations in violations of the ADA, including but not limited to 42 U.S.C. §§12180 and 12183 and its implementing regulations.

25. Ms. Bowe has been damaged and will continue to be damaged by the discrimination set forth above.

26. Plaintiff intends to continue to shop at Defendant's 8752 Michigan Rd., Indianapolis, Indiana location

## COUNT II – NEGLIGENCE

27. Ms. Bowe hereby incorporates by reference paragraphs 1-26 of this Complaint.

28. Defendant owed a duty to Ms. Bowe as a customer in its 8752 Michigan Rd., Indianapolis, Indiana location.

29. Defendant breached that duty by placing its clothing racks in a negligent, careless and reckless manner.

30. In addition, Defendant breached its duty by not having a minimum clearance route.

31. As a direct and proximate cause of the negligence, carelessness, and recklessness of the Defendant, Ms. Bowe sustained personal injuries, was required to incur medical expenses, endured mental and emotional distress, and endured pain and suffering.

**WHEREFORE** Plaintiff, L'Tonya Bowe, respectfully requests that this Court grant the following injunctive and declaratory relief:

a. Enter a declaratory judgment that by and through Defendant's ownership and/or operation of the real property and improvements that comprise its 8752 Michigan Rd., Indianapolis, Indiana location, Defendant has willfully and wrongfully violated statutory obligations pursuant to the ADA and deprived Plaintiff of her rights under the law, as alleged herein;

b. Order Defendant to alter its 8752 Michigan Rd., Indianapolis, Indiana location to make it accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

c. Order Defendant pay all monetary loss suffered by Plaintiff due to Defendant's negligent acts in an amount that will make Plaintiff whole;

d. Order Defendant pay Plaintiff compensatory and punitive damages;

e. Award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to Plaintiff; and

f. Award such other and further relief as the Court deems necessary, just and proper.

Respectfully submitted,

_____
Philip J. Gibbons, Jr. (#19353-49)

_____
Elizabeth A. Joseph (# 24968-29)

Attorneys for Plaintiff, L'Tonya Bowe

GIBBONS JONES, P.C.
10401 North Meridian Street, Suite 300
Indianapolis, Indiana 46290
Telephone:   (317) 706-1100
Facsimile:    (317) 616-3335
E-mail:   pgibbons@gibbonsjones.com
          ejoseph@gibbonsjones.com

## DEMAND FOR JURY TRIAL

Plaintiff, L'Tonya Bowe, by counsel, respectfully requests a jury trial as to all issues in this matter so triable.

Respectfully submitted,

_____
Philip J. Gibbons, Jr. (#19353-49)

_____
Elizabeth A. Joseph (#24968-29)

Case 1:08-cv-00922-SEB-DML   Document 1   Filed 07/09/08   Page 7 of 7 PageID #: 7

                      Attorneys for Plaintiff, L'Tonya Bowe

GIBBONS JONES, P.C.
10401 North Meridian Street, Suite 300
Indianapolis, Indiana 46290
Telephone: (317) 706-1100
Facsimile: (317) 616-3335
E-mail: pgibbons@gibbonsjones.com
        ejoseph@gibbonsjones.com